[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-15525
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00040-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO TAYLOR ARCHIBALD,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

(August 24, 2006)

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mauricio Taylor Archibald appeals his 135-month sentence imposed after he pled guilty to (1) aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel

subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Archibald first asserts that the district erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b).[1] He contends that he was less culpable than the other persons found on the "go-fast" boat, which was carrying 1,759 kilograms of cocaine, because he was a crew member who had no ownership interest in the smuggled drugs and was paid little in comparison to the value of the smuggled drugs.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less

---

[1]On appeal Archibald also argues for the first time that he was entitled to a minimal role reduction under U.S.S.G. § 3B1.2(a). Because we conclude that the district court did not err in refusing to apply a minor role reduction, we reject Archibald's argument about a minimal role reduction.

culpable than most other participants, although his role could not be described as minimal." Id.

Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Archibald's role in the offense was more than minor.[2] About the first element, Archibald's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 1,759 kilograms of cocaine seized from the "go-fast" boat. And the district court correctly pointed to the large drug quantity in denying Archibald a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing defendant's role in his relevant conduct). About the second element, Archibald was one of only five crew members on the "go-fast" boat, which was carrying

---

[2]Archibald also argues that the district court erred in denying him a minor role reduction because the court failed to make factual findings on this decision. Because we have explained that, "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings," Archibald's claim is without merit. De Varon, 175 F.3d at 939.

nearly two tons of cocaine. He has not established that he was less culpable than the other crew members; and we see no clear error in the district court's refusal to apply a minor role reduction in this case.

Archibald next argues that his sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). He contends that the district court's failure to make sufficient findings -- including articulating why a sentence within Archibald's Guideline range was appropriate and discussing specifically the 18 U.S.C. § 3553(a) factors used to calculate his sentence -- indicates that his sentence was unreasonable. Archibald was sentenced after the Supreme Court issued its decision in Booker; and we review Archibald's sentence for reasonableness in the light of the factors set out in section 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).[3]

We conclude that Archibald's sentence was reasonable. The district court correctly calculated Archibald's Guideline imprisonment range as 135-168 months; and the court sentenced Archibald to the lowest point of his Guideline

---

[3]The government asserts that we should conclude that a sentence imposed within a defendant's applicable Guideline range, such as Archibald's, is presumptively reasonable. Although we have acknowledged that "the use of the Guidelines remains central to the sentencing process," we have rejected the argument that a sentence within the Guidelines is per se reasonable. United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005).

range.[4]  In sentencing Archibald, the district court noted the section 3553(a) factors and commented on the quantity of drugs involved.  The district court judge was not required to discuss all of the section 3553(a) factors at Archibald's sentencing hearing.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors").  And nothing in the record convinces us that Archibald's sentence was unreasonable in the light of the section 3553(a) factors.[5]

**AFFIRMED.**

---

[4]Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Archibald does not challenge the district court's calculation of his Guideline range.

[5]The government argues that Archibald's failure to raise an objection in district court to the reasonableness of his sentence, or to argue that the district court did not consider sufficiently the section 3553(a) factors, indicates that, instead of reviewing his sentence for reasonableness, we should review Archibald's challenge on appeal to the reasonableness of his sentence only for plain error.  We need not decide this issue because, for the reasons discussed, Archibald's claim that his sentence was unreasonable fails under either standard of review.